IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:14-cr-00127-ALM-12 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| FREDDIE K. JOHNSON, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

This matter comes before the Court on the Defendant's *Pro Se* Motion for Compassionate Release (ECF No. 1711), as supplemented by counsel (ECF No. 1727), which the Government opposes (ECF No. 1731). For the following reasons, Defendant's Motion is **DENIED.**

**I.     BACKGROUND**

On January 25, 2017, Freddie K. Johnson was sentenced to 120 months of incarceration for one count of conspiracy to commit racketeering. (ECF No. 1444). His sentence was later amended to credit Mr. Johnson for the 34 months he had served in state custody, such that his overall sentence was 86 months. (ECF No. 1602). Mr. Johnson is currently incarcerated at FCI Manchester in Kentucky; he will become eligible for home detention on September 4, 2022. (ECF No. 1727-1). He filed a *pro se* motion for compassionate release on April 29, 2021. (ECF No. 1711). On June 4, 2021, counsel filed a supplemental motion on his behalf and the Government filed its response in opposition on June 15, 2021. (ECF Nos. 1727, 1731). This matter is now ripe for consideration.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). A district court's decision under Section 3582(c)(1)(A) will be reviewed for abuse of discretion and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). In *United States v. Jones*, the Sixth Circuit recently clarified the mechanics of compassionate review under 18 U.S.C. § 3582 when an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1102.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1107–08. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 1108. Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under

the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### III. LAW & ANALYSIS

#### A. Exhaustion of Administrative Remedies

When reviewing motions for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A), district courts must first ask: has the movant either fully exhausted all administrative rights or have 30 days lapsed since the movant received the warden's letter denying the request? If either prong is answered in the affirmative, courts then inquire if extraordinary and compelling circumstances justify release. 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. The Sixth Circuit has held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Id.* at 833.

Mr. Johnson indicates that he submitted a formal petition for a reduction in sentence to the Warden "prior to February 17, 2021" and received no response. (ECF No. 1727 at 3; ECF No. 1711)). At the time Mr. Johnson filed his motion for compassionate release with this Court, his counsel represents that he had waited more than 30 days for a response. (*Id.*). The Government argues that the Defendant has not exhausted his administrative remedies on the grounds that he has not submitted any documentation to support his assertions. (ECF No. 1731 at 6–7). The Government recommends that this Court deny his motion on this basis. (*Id.*). The Government does not, however, dispute that Mr. Johnson had filed a request and the information to disprove Mr. Johnson's assertions is in the Government's possession. This Court takes seriously sworn representations made by both *pro se* litigants and counsel who practice regularly in this jurisdiction. This Court assumes that exhaustion has been fulfilled based on the

representations of Mr. Johnson and his counsel. Even if Mr. Johnson had not exhausted, this Court would nonetheless address the merits of his motion for reasons of judicial efficiency, as the substance of his motion would likely remain unchanged if Mr. Johnson were to submit it again with additional documentation.

### B. Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must first determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i). This court has "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. In his motion, Mr. Johnson argues that his preexisting health condition and the threat presented by the COVID-19 pandemic constitute extraordinary and compelling reasons for a reduction in his sentence. (ECF No. 1711; ECF No. 1727 at 3–4). The Defendant has been diagnosed with asthma since he was a child, requiring medication and treatment while he was in elementary school. (ECF No. 1727-2). His Presentence Investigation Report also indicates that he has been treated "intermittently" for asthma since December 2014, including a fifteen-day hospitalization for hemoptysis (coughing up blood) in 2015 and sharp chest pains. (PSR ¶ 203). Mr. Johnson notes that, at the time of his filing on June 4, 2021, at least ten incarcerated people had recovered from COVID-19 at FCI Manchester and he also expressed concern that correctional officers are reluctant to get vaccinated. (ECF No. 1727 at 4).

The Government first challenges Mr. Johnson's lack of documentation as to his preexisting health condition, advising this Court that his motion should be denied on that basis alone. (ECF No. 1731 at 13). The Government also puts forth two additional reasons that Mr. Johnson cannot present extraordinary and compelling reasons. First, the Government has

4

submitted evidence that Mr. Johnson received both doses of the Moderna vaccine by May 5, 2021, protecting him against serious complications from COVID-19. (ECF No. 1731 at 14; ECF No. 1731-1). Second, the Government also has submitted evidence that Mr. Johnson tested positive for COVID-19 approximately six months ago and argues that risks of reinfection cannot constitute extraordinary and compelling reasons under the First Step Act. (ECF No. 1731 at 14; ECF No. 1731-2). In support of this argument, the Government relies on *United States v. Roe*, in which this Court found that a defendant who had received both doses of the Pfizer vaccine and had recovered from COVID-19 could not present extraordinary and compelling reasons. *See* No. 2:14-CR-229, 2021 WL 1711296 (S.D. Ohio Apr. 30, 2021).

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerability. The spread of COVID-19 in prisons has been well documented and FCI Elkton has not been left untouched by the pandemic.[1] COVID-19 also puts individuals who are asthmatic, like Mr. Johnson, at particular risk. The CDC has recognized that individuals who have moderate-to-severe asthma can be more likely to get severely ill from COVID-19.[2] This Court also acknowledges that the CDC declares that the COVID-19 vaccines are safe and effective and recommends that individuals get vaccinated "as soon as possible."[3] The CDC also notes that the Moderna vaccine is 94.1% effective at preventing COVID-19 infection and was highly effective among people of

---

[1] *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/, last accessed July 26, 2021 at 9:00 a.m. (showing that 580 incarcerated people and 127 correctional staff members at Manchester FCI had been diagnosed with and recovered from COVID-19 during the pandemic).
[2] *See* CDC, *Medical Conditions* (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[3] CDC, *Safety of COVID-19 Vaccines* (July 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html.

5

diverse age, sex, race, and ethnicity categories, as well as "among people with underlying medical conditions."[4]

The COVID-19 pandemic remains ever-changing and has not yet been vanquished, even with the availability of vaccines. This Court is hesitant to declare that vaccination or prior infection will always preclude compassionate release. Rather, this Court will follow the scientific evidence as it becomes available. Mr. Johnson has received the full regimen of the Moderna vaccine, which the CDC has found highly effective at preventing severe illness and death from COVID-19, including in those with underlying medical conditions like asthma. At this time, the CDC has not expressed concern that the vaccines do not provide adequate protection against COVID-19 variants, such as the Delta variant. The CDC also acknowledges that variants will cause some "breakthrough" cases of COVID-19, wherein a fully vaccinated person still becomes infected.[5] The CDC is leading multiple vaccine effectiveness studies on breakthrough cases to determine whether there are any patterns related to patients' characteristics, such as age or underlying medical conditions, the specific vaccine received, or the specific variants.[6] If the scientific consensus around vaccine effectiveness changes, this Court's approach to compassionate release requests must change as well. At this time, however, Mr. Johnson is fully vaccinated against COVID-19, his facility has no current cases among incarcerated people or staff, and there is no specific evidence that Mr. Johnson remains more susceptible or at greater risk from COVID-19, including a potential breakthrough case. Accordingly, this Court finds that Mr. Johnson has not presented "extraordinary and compelling reasons" and his Motion for Compassionate Release (ECF Nos. 1711, 1727) is hereby **DENIED**.

---

[4] *Id.*
[5] CDC, *COVID-10 Breakthrough Case Investigations and Reporting* (July 15, 2021), https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html.
[6] *Id.*

### C. Section 3553 Sentencing Factors Analysis

Even if Mr. Johnson had presented extraordinary and compelling reasons supporting compassionate release, this Court would have denied his motion based on its assessment of the § 3553(a) factors. When an incarcerated person demonstrates "extraordinary and compelling reasons" which could justify a reduction in sentence, this Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. A court does not need to "specifically articulat[e]" every single § 3553(a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were taken into account by the court. *Id.* For a reviewing court, this record will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* Section 3553(a) instructs a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
>
> (5) any pertinent policy statement ... issued by the Sentencing Commission ...;

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Mr. Johnson does not address the § 3553(a) factors specifically in his motion. He does submit evidence that he completed all of his mandatory programming, including drug education, while incarcerated. (ECF No. 1727-3). Mr. Johnson has had no incident reports in the past six months, has completed numerous education courses, and has satisfied his financial obligations. (*Id.* at 2). His current program goals include securing necessary documents for release and saving money for his release needs. (*Id.*). If released, he would plan to reside with his wife and children in Columbus, Ohio. (ECF No. 1727 at 5). He seeks home confinement, rather than release to a halfway house, to avoid being moved from one high-risk congregate living environment to another. (*Id.*).

In response, the Government argues that the § 3553(a) weigh heavily against Mr. Johnson's request, as his offense conduct was serious and granting relief could dampen his sentence's deterrent effect and create unwarranted sentencing disparities between similarly situated offenders. (ECF No. 1731 at 18–20). The Government details Mr. Johnson's criminal activity as a member of the Short North Posse, including attempted murder, armed robbery, narcotics trafficking, illegal firearms possession, and witness tampering. (ECF No. 1731 at 19–20). The Government further emphasizes that Mr. Johnson has an extensive criminal history beyond his involvement with the Short North Posse. (*Id.* at 20).

In imposing a sentence, a sentencing court's task is to "'impose a sentence sufficient, but not greater than necessary, to comply with purposes' of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). This

Court finds that compassionate release would undermine the statutory purposes of sentencing. Mr. Johnson received a net sentence of 86 months of incarceration for one count of conspiracy to commit racketeering. (ECF Nos. 1444, 1602). He received a sentence below the recommended range from the sentencing guidelines. He engaged in extensive criminal conduct that resulted in serious injury to others, often with the aid of firearms. Mr. Johnson received a sentence that reflected the seriousness of his offense, promoted respect for the law, afforded adequate deterrence, and protected the public from any further crimes by the Defendant. While he has served a significant amount of his sentence, Mr. Johnson's offense conduct was also significant. The sentencing factors do not counsel in favor of any reduction of sentence or release to home confinement; he must continue serving his sentence of incarceration. This Court finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against a sentence reduction.

### D.  CONCLUSION

For these reasons, Mr. Johnson's Motion for Compassionate Release (ECF Nos. 1711, 1727) is **DENIED**.

**IT IS SO ORDERED.**

                                        _____
                                        **ALGENON L. MARBLEY**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  July 26, 2021**